UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TRAVELERS CASUALTY AND SURETY          )
COMPANY OF AMERICA,                    )
                                       )
            Plaintiff,                 )
                                       )
      vs.                              )          No. 4:05CV99-DJS
                                       )
SOUTHWEST CONTRACTING, INC.,           )
RENEGADE CONSTRUCTION, INC.,           )
PHILLIP D. BONE, and                   )
CITY OF LEADINGTON, MISSOURI,          )
                                       )
            Defendants.                )


## ORDER


          Defendants   Southwest   Contracting,   Inc.,   Renegade

Construction, Inc. and Phillip D. Bone contracted with defendant

City of Leadington, Missouri to extend water and sewer lines.  In

connection with that public works project, Southwest, Renegade and

Bone (collectively "Indemnitors") entered into a General Agreement

of  Indemnity  ("GAI")  with  plaintiff  Travelers  Casualty  dated

October  27,  2003,  under  which  Travelers  provided  payment  and

performance bonds in connection with the project, and Indemnitors

pledged to hold Travelers harmless from claims and other expenses

incurred by Travelers in connection with the bonds.  Now before the

Court are several motions.  The Court first addresses Travelers'

motion for partial summary judgment on Counts I and II of its

second amended complaint.

**Plaintiff's Motion for Partial Summary Judgment on Counts I and II
of the Second Amended Complaint**

Count I of the second amended complaint alleges that pursuant to the GAI, Indemnitors are obligated to indemnify and reimburse Travelers for amounts paid to claimants against the bond. Paragraph 5 of the GAI unambiguously confers upon plaintiff Travelers ("the Company") the discretion to pay or settle claims against the bond, and imposes upon Indemnitors the obligation to immediately reimburse Travelers for such payments:

> **5. Claim Settlement:** The Company shall have the right, in its sole discretion, to determine for itself and the Indemnitors whether any claim or suit brought against the Company or the Indemnitors upon any such Bond shall be paid, compromised, settled, defended or appealed, and its determination shall be final, binding and conclusive upon the Indemnitors. An itemized, sworn, statement by an employee of the Company or a copy of the voucher of payment shall be prima facie evidence of the propriety and existence of Indemnitors' liability. The Company shall be entitled to immediate reimbursement for any and all payments made by it under the belief it was necessary or expedient to make such payments.

In the motion for partial summary judgment on Counts I and II, Travelers seeks summary judgment on Count I in the amount of $137,264.97, the sum of the $97,567.23 and $25,000.00 claims Travelers paid to National Waterworks, Inc., and a $14,697.74 claim Travelers paid to Mid America Precast. By motion filed December 1, 2005 [Doc. #90] and granted December 28, 2005 [Doc. #113], plaintiff has been granted leave to amend its motion for partial summary judgment on Counts I and II to seek the additional amount of $26,152.93, representing four Bond claim settlements Travelers

has made since the filing of the motion for partial summary judgment on June 1, 2005. Idemnitors do not dispute that Travelers has satisfied the requirement of prima facie evidence of Indemnitors' liability as to the claims Travelers has settled and paid. The total summary judgment award sought as to Count I is therefore $163,417.90.

There exists no genuine dispute that Travelers has paid the above-listed claims against the payment bond, or that Indemnitors have failed to reimburse Travelers for those payments as requested by Travelers. Instead, Indemnitors resist summary judgment by arguing that it was Travelers that initially breached the GAI, discharging the other parties' obligations under the GAI. The action defendants characterize as Travelers' breach is its demand that defendant Southwest pay National Waterworks the undisputed portion of its bill, in the amount of $97,567.23. Defendants fail to identify any provision of the GAI which makes such a demand by Travelers, even if it had been in error or unreasonable, a breach of the GAI. The Court finds as a matter of law that the Indemnitors' contentions concerning the extent to which Indemnitors disputed National's claim for payment and concerning hardships allegedly visited on the Indemnitors by the City's stoppage of payments on the project do not support their claim that Travelers breached the GAI and are not shown to be relevant to Travelers' right to the requested relief under

paragraphs 5 and 6 of the GAI.[1] The Court also notes that neither of the remedies Travelers invokes under paragraphs 5 and 6 is dependent upon a demonstration that Indemnitors are in default under the GAI.

In a related case, the Honorable Henry E. Autrey, United States District Judge, has already ruled on the propriety and justification of Travelers' payments on the claims against the bond:

> In this case, the beneficiaries of the payment bond in question were the unpaid suppliers and subcontractors of Southwest who furnished labor or materials for the construction of the public works project. It cannot be said that Travelers had no duty under the terms of the payment bond and pursuant to Missouri law to pay National the amount owed by Southwest. *See* Mo.Rev.Stat. §375.420... Travelers' payment to National under the payment bond was an act which Travelers had a definite legal right to do without any qualification.

Southwest Contracting, Inc., et al. v. National Waterworks, Inc., et al., 4:04CV374-HEA, Order of 9/6/2005 [Doc. #32], pp.9-10. The Court will grant Travelers summary judgment as requested on Count I of the second amended complaint for $163,417.90.

Travelers also claims an entitlement to prejudgment interest, pursuant to §408.020 R.S.Mo., at the statutory rate of 9% per annum. In pertinent part, the statutory provision reads as follows:

---

[1] These issues are persuasively addressed in Travelers' reply memorandum [Doc. #86].

4

**408.020. When no rate of interest is agreed upon, nine percent allowed as legal interest**

Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made....

The applicability of this prejudgment interest provision to the amount sought is not disputed by defendants. As to the $137,264.47 initially sought in Travelers' summary judgment motion, Travelers identifies, and Indemnitors acknowledges, the date payment was demanded as April 15, 2005. Prejudgment interest on this sum will therefore be calculated from April 15, 2005.

As to the additional $26,152.93 Travelers has been permitted to amend its motion to seek, Travelers has not identified any date of its demand for payment of this amount, or pointed to any evidence of such a demand. "Absent an earlier demand, Missouri law considers the date that the lawsuit was filed as the date of demand." Reliance Ins. Co. in Liquidation v. Chitwood, _____ F.3d _____, 2006 Westlaw 44085 (8th Cir. January 10, 2006), *citing* General Aggregate Corp. v. LaBrayere, 666 S.W.2d 901, 910 (Mo.Ct.App. 1984). This sum was not demanded in Travelers' pleadings in this action until the Court on December 28, 2005 [Doc. #113] granted Travelers' motion [Doc. #90] to amend its motion and as necessary its second amended complaint to include this amount. Prejudgment interest on the additional $26,152.93 will therefore be calculated from December 28, 2005.

Count II of the second amended complaint seeks specific performance from the Indemnitors of their obligation under the GAI to deposit monies with Travelers as collateral security for Travelers against additional claims or demands made against the bonds.  Paragraph 6 of the GAI provides:

> **6.  Collateral Security.**  Indemnitors agree to pay the Company, upon demand, an amount sufficient to discharge any claim or demand made against the Company on any Bond...These sums may be used by the Company to pay such claim or be held by the Company as collateral security against any loss, claim, liability or unpaid premium on any Bond....

Travelers lists additional pending claims against the Bonds [Doc. #44, p.4], the existence of which Indemnitors do not dispute [See Pltf.'s Statement of Facts [Doc. #45], ¶¶13&14, and Defs.' Response [Doc. #86], ¶¶13&14] as follows:

| | |
|---|---|
| Vermeer-Midwest, Inc. | $106,639.31 |
| Vandevanter Engineering | $ 16,970.85 |
| Midwest Cable Splicing | $ 39,000.00 |
| Burch Fence | $  4,250.00 |
| Capital Supply | $  3,638.76 |
| Neenah Foundry | $  6,240.00 |
| St. Louis Prestress | $  4,242.00 |
| Taylor Engineering | $  1,077.18 |
| Total | $182,058.10 |

The Indemnitors have refused Travelers' demand for collateral security.  The motion for partial summary judgment as to Count II

seeks an injunction requiring Indemnitors to deliver to Travelers collateral security in the sum of $200,000.00.[2]  The motion is supported by citation to case law finding that such a provision for collateral security is appropriately enforced by an injunction for its specific performance.

The Court finds that Travelers has demonstrated an entitlement to such relief as a matter of law, and, as with Count I, that defendants have not factually supported a legally sound affirmative defense to their liability as demonstrated by Travelers.  The amount of collateral security Travelers seeks is reasonable and not excessive, in view of the additional pending claims against the bond as to which Travelers' exposure has been demonstrated.  Summary judgment on Count II will be granted, in the form of an injunction requiring the Indemnitors to pay to Travelers the sum of $200,000.00 as collateral security pursuant to ¶6 of the GAI.


**Plaintiff's Combined Motion to Treat Certain Affidavit Evidence Tendered by Defendants, as Inadmissible**

Plaintiff challenges the admissibility of three statements in the affidavit of Phillip Bone, which was submitted by defendants in opposition to plaintiff's motion for partial summary

---

[2] The Court notes that in the course of the briefing of the instant motion, Travelers has reduced its initial request for $225,000 in collateral security under Count II to $200,000 in view of Travelers' payment of additional claims, as is also reflected in the amended prayer for increased relief on Count I.

judgment on Counts I and II of the second amended complaint. No opposition to the motion has been filed. For that reason, and because the Court deems the three statements at issue to be irrelevant to the summary judgment analysis, the motion will be granted. Given the Court's basis for granting the motion, no ruling is hereby made or intended with respect to the admissibility of the challenged statements at trial.

**Plaintiff's Motion for Partial Summary Judgment on Counts IV and V of the Second Amended Complaint**

In Count IV of the second amended complaint, plaintiff Travelers seeks judgment against defendants City of Leadington and Southwest Contracting on a theory of express subrogation, more particularly a finding that in view of the Indemnitors' defaults under the GAI, Travelers is subrogated to Southwest's right to receive the contract balance which the City has not yet paid to Southwest on the water and sewer project. In Count V, Travelers asserts a claim of equitable subrogation against the City and Southwest. By its motion for partial summary judgment on these counts, Travelers seeks a judgment under one or both of these theories and an order that the City pay Travelers $90,874.74, the unpaid balance remaining unpaid to Southwest under the construction contract, a sum considerably less than the $163,417.90 Travelers has thus far paid on behalf of Indemnitors on claims against the bond.

Subrogation is among the remedies granted in the GAI to Travelers in the event of Indemnitors' default. Paragraph 7(f) provides:

> [I]n the event of a Default, the Company shall have a right in sole discretion to: ...
> (f) Be subrogated to all the rights, remedies, properties, funds, securities and receivables of the Indemnitors on all Contracts or any other contract of Indemnitors and have the right to offset losses on any Contract or Bond against proceeds, funds, or property due from another Contract, Bond or other contract.

Travelers argues the existence of four different species of default by the Indemnitors, triggering the application of express subrogation as pled in Count IV. Among these, the most readily established is Travelers' "good faith establishment of a reserve," in light of the numerous claims against the bond, an event of default pursuant to ¶2(e) of the GAI.

Rather than dispute this or any of the other alleged defaults Travelers cites in support of its motion, the City responds with the same argument the Indemnitors made in response to the summary judgment motion on Counts I and II, namely that it was Travelers that initially breached the GAI, discharging the other parties' obligations under the GAI. The Court's rejection of this argument has the same basis with respect to Counts IV and V as stated earlier with respect to Counts I and II. In sum, the action defendants characterize as Travelers' breach is its demand that defendant Southwest pay National Waterworks the undisputed portion of its bill, in the amount of $97,567.23. Defendants fail to

identify any provision of the GAI which makes such a demand by Travelers a breach of the GAI.

Furthermore, the City's argument concerning Travelers' alleged breach of the GAI is potentially responsive only to the contractual express subrogation claim which is also based on the GAI. The argument does not offer a basis for rejection of Travelers' claim of equitable subrogation, which does not rely on the agreement between Travelers and the Indemnitors. The City offers no argument in opposition to the claim for summary judgment as to equitable subrogation, which is well-supported by the undisputed facts and the law amply cited and discussed in Travelers' Memorandum in Support of its Motion [Doc. #106], pp.11-14.

> Under Missouri law all that is necessary for a surety's equitable right of subrogation and equitable lien upon retained funds to attach to the exclusion of the contractor is that "the contractor be in default as a matter of fact, and that as a result of such default the surety become obligated to pay under its payment bond, and discharge the obligations of its principal."

Kansas City v. Tri-City Constr. Co., 666 F.Supp. 170, 172 (W.D.Mo. 1987), *citing* First State Bank v. Reorganized School District R-3, 495 S.W.2d 471, 481 (Mo.App. 1973).

The Court therefore finds that Travelers is entitled to summary judgment as to subrogation on Counts IV and V, pursuant to which Travelers seeks a single summary judgment award against the City in the form of an order that the City pay to Travelers the sum

of $90,874.74, the balance remaining owed by the City to Southwest
on the public works project. Travelers also seeks prejudgment
interest on that amount, which request has not been opposed in the
City's memorandum responding to the summary judgment motion. Under
§408.020, the statutory rate of 9% per annum applies once an amount
becomes due and payable and demand for payment is made.

Travelers identifies as its demands for subrogation
payment its letters to the City dated December 3, 2004 and January
14, 2005. The relevant excerpts of those letters are set forth in
Travelers' Statement of Uncontroverted Material Facts [Doc. #103]
filed in support of the motion for partial summary judgment as to
Counts IV and V. See ¶¶52 & 56. Both letters demand that the
City make no further payments to Southwest or to any creditor of
Southwest. Neither letter contains a demand that the City make any
payment to Travelers. Neither letter makes any reference to
subrogation or any assertion that Travelers, by right of
subrogation, is entitled to the funds otherwise owed to Southwest.

As a matter of law, the Court concludes that neither
letter constitutes a demand for payment triggering prejudgment
interest under §408.020.[3] As earlier noted, absent a pre-
litigation demand, the date the lawsuit was filed is considered the

---

[3] Given this conclusion, the Court makes no determination as
to the disputed date on which the City received Travelers' December
3, 2004 letter, other than to note that Travelers, in its Statement
of Facts, identified December 13, 2004 as the date the mailed copy
of the letter was received and signed for. Travelers' Statement of
Uncontroverted Material Facts [Doc. #103], ¶53.

date of demand under Missouri law. However, Travelers first asserted these subrogation claims in its first amended complaint filed on April 19, 2005, rather than in its original complaint. Prejudgment interest on the subrogation claims will therefore be calculated from April 19, 2005.

An additional issue has required the Court's consideration, although not raised by any party. Because Travelers' subrogation rights are ultimately based on the same failure of the Idemnitors to reimburse Travelers for amounts paid to claimants against the bond as addressed in Count I, the Court concludes that the summary judgment award on Counts IV and V represents payment, albeit from an alternative source, toward the same debt as represented by the summary judgment awarded on Count I. Consequently, any amount actually paid by the City in satisfaction of the partial summary judgment on Counts IV and V would constitute a set-off against the amount awarded in partial summary judgment on Count I. Likewise, conversely, the Indemnitors' satisfaction of the partial summary judgment awarded on Count I would constitute a set-off against the amount owing by the City to Travelers by way of subrogation under Counts IV and V. If the Court's involvement proves necessary to the effectuation of these determinations, the affected party or parties shall file an appropriate motion seeking relief from the Court.

**Deferral of the Entry of Partial Judgment**

The Court has set forth its determinations concerning plaintiff Travelers' entitlement to partial summary judgment on Counts I, II, IV and V of Travelers' second amended complaint. Count III of the second amended complain has been voluntarily dismissed. Count VI of the second amended complaint has not been addressed in any potentially dispositive motion, nor have the City of Leadington's counterclaim and cross-claim against Travelers and Southwest [Doc. #42 and #52].[4] Because the Court's partial summary judgment conclusions do not dispose of all claims in the action, the entry of a partial summary judgment is not final unless a certain "express determination" is made by the Court pursuant to Fed.R.Civ.P. 54(b).

The Court will not make such a determination and enter a final partial judgment triggering the time for appeal of only part of the case, when the Court is uncertain of the impact of its determinations on the remaining claims. Instead, the Court will enter this order stating its determinations concerning Travelers' entitlement to summary judgment, but without entering partial judgment thereon, and order the parties to confer and file a joint status report identifying all claims remaining pending and advising the Court of the status of each and the means the parties

---

[4] The Court notes that the same Leadington pleading appears to have been filed twice, as Documents #42 and #52. Leadington should review the matter and take appropriate steps to seek the dismissal of the later filing if duplicative.

contemplate for the disposition of each.  Once final judgment is entered in this matter, the Court will calculate the applicable prejudgment interest for the various summary judgment damage awards through the date of entry of final judgment, in accordance with the Court's determinations herein.

## Plaintiff's Motion to Extend Time to Complete Discovery

Concerning plaintiff's motion to extend time to complete discovery, the Court has held the motion in abeyance pending its ruling on the motions for partial summary judgment.  As the parties' filings indicated that the relief sought in the motion to extend time would likely be substantially impacted by the Court's rulings on the partial summary judgment motions, the Court will now deny the motion to extend time to complete discovery without prejudice, allowing the parties to consider the impact of the partial summary judgment rulings and file a new motion as appropriate to the current status of the litigation.

**Indemnitors' Motion to Disqualify Counsel**

Finally, the parties' briefing of the Indemnitors' motion to disqualify plaintiff's counsel also suggested that holding the motion in abeyance was appropriate. In the wake of the Court's rulings on the partial summary judgment motions and other motions, the Court will offer the parties an opportunity to consider the impact, if any, on the disqualification issue, and to file supplemental memoranda on the motion to disqualify, addressing the impact on the motion of the current status of the litigation.

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for partial summary judgment on Counts I and II of the second amended complaint [Doc. #43] is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion to exclude and treat certain affidavit evidence tendered by defendants as inadmissible for purposes of the summary judgment motions [Doc. #88] is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for partial summary judgment on Counts IV and V of the second amended complaint [Doc. #102] is granted.

**IT IS FURTHER ORDERED** that the parties shall confer and file a **Joint Status Report within twenty-one (21) days of the date of this order** identifying all claims remaining pending and advising

the Court of the status of each remaining claim and the means the parties contemplate for the disposition of each.

**IT IS FURTHER ORDERED** that plaintiff's motion to extend time to complete discovery [Doc. #96] is denied without prejudice.

**IT IS FURTHER ORDERED** that the parties may, **within twenty-one (21) days of the date of this order**, file supplemental memoranda concerning the pending motion to disqualify counsel, addressing the impact on the motion of the current status of the litigation.

Dated this __2nd__ day of February, 2006.

       /s/Donald J. Stohr
        UNITED STATES DISTRICT JUDGE