UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 4:05CV99-DJS ) |
| SOUTHWEST CONTRACTING, INC., RENEGADE CONSTRUCTION, INC., PHILLIP D. BONE, and CITY OF LEADINGTON, MISSOURI, | ) ) ) ) ) |
| Defendants. | ) |

### ORDER

In its order of February 2, 2006, the Court set forth its determinations concerning plaintiff Travelers' entitlement to partial summary judgment on Counts I, II, IV and V of Travelers' second amended complaint. At that time, with the impact of the partial summary judgment determinations on the remaining claims of the case unclear, the Court did not enter a partial judgment, but ordered the parties to confer and file a joint status report identifying all claims remaining pending and advising the Court of the status of each and the means the parties contemplate for the disposition of each. The joint status report was filed on February 22, 2006. Counts III and VI of plaintiff's second amended complaint have now each been voluntarily dismissed. With an objective of timely final disposition of the entire action, the Court here addresses the status and the anticipated disposition of

the remainder of plaintiff Travelers' second amended complaint, and of defendant City of Leadington's two-count counterclaims and cross-claim.

**Counts I and II of Travelers' Second Amended Complaint**

As to Counts I and II, Traveler's claims for indemnity and specific performance against the Indemnitor defendants, the joint status report identifies only one outstanding issue following the partial summary judgment determinations, namely plaintiff Travelers' claim against the Indemnitors for attorneys' fees and expenses pursuant to paragraph 4 of the General Agreement of Indemnity ("GAI"). The joint status report indicates that the parties are agreed that a determination of attorneys' fees is for the Court, although plaintiff suggests it cannot as yet be made because plaintiff continues to defend two lawsuits brought by claimants against the bond. As for expenses, the joint status report indicates that plaintiff believes the determination can eventually be made "as a matter of law," but that the Indemnitors believe the award of expenses is a jury-triable issue.

Fed.R.Civ.P. 54(d)(2) appears to resolve this dispute. That rule provides:

> (2) *Attorneys' Fees.*
> (A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

Subsection (B) of the rule provides a post-judgment time frame to govern motions for attorneys' fees and nontaxable expenses. In this district, the timing of such post-judgment motions is slightly more generous, as provided in Local Rule 8.02. Rule 54(d)(2)(A) appears to govern the issue and to indicate that Travelers' claim on Counts I and II for an award of attorneys' fees and expenses pursuant to the GAI is properly decided by the Court on a post-judgment motion for such an award.

**Counts IV and V of Travelers' Second Amended Complaint**

The Court's February 2, 2006 order also granted partial summary judgment to plaintiff Travelers on Counts IV and V of the second amended complaint, Traveler's claims for express and equitable subrogation against defendant City of Leadington. The joint status report indicates that an additional subrogation claim remains pending, for a sum and on a basis not addressed in the partial summary judgment motion. The parties further report that they are currently exploring whether the claim can be settled, but that if not, a short jury trial of the issue will be required. This case is currently set for trial on the docket commencing May 22, 2006. If the parties are unable to resolve this remaining subrogation issue, the issue will be tried.

**Defendant City of Leadington's Counterclaims and Cross-claim**

The other claims pled in this action but not yet addressed by the Court are defendant City of Leadington's counterclaims and cross-claim.[1] In Count I, Leadington's counterclaim against plaintiff Travelers and cross-claim against defendant Southwest, the City seeks a declaratory judgment of the dispute between the City, Southwest and Travelers as to the City's obligation to pay to Southwest or to Travelers the remaining funds owed to Southwest, identified at the time of the City's pleading as $99,422.25. In the Court's view, this claim presents an issue also presented by Counts IV and V of plaintiff's second amended complaint. The Court's 2/2/06 order ruled as a matter of law that Travelers' subrogation rights entitled it to an order that the City pay to Travelers the balance remaining owed by the City to Southwest on the public works project (identified in the summary judgment motion as $90,874.74). The City's Count I therefore

---

[1] The Court noted in the partial summary judgment order [Order of 2/2/06 [Doc. #130], n.4 at p.13] that the same Leadington pleading appears to have been filed twice, as Documents #42 and #52. The Court directed Leadington to review the matter and take appropriate steps to seek the dismissal of the later filing if duplicative. As of this writing, Leadington has taken no such action. The Court now notes, however, that the presence on each docket entry of initials of a deputy Clerk, as well as the fact that the filing dates are the same, suggest that the duplication may be attributable to the Clerk's Office. In fact, the Court's inquiry to the Clerk's Office has yielded an explanation for the double docket entries, namely the inability of the CM/ECF system to account for a counterclaim and a cross-claim in the same pleading with a single docket entry. With this understanding, the Court requires no action by defendant City to address the appearance of a duplicative filing of its Counterclaim and Cross-claim.

4

appears to have effectively been decided by the partial summary judgment determination as to plaintiff's Counts IV and V.

In Count II, another counterclaim against Travelers, the City seeks a declaratory judgment that when Travelers paid National Waterworks it did so in breach of the payment bond and acted as a volunteer. This contention, too, may have expressly or impliedly rejected in the Court's 2/2/06 order, which rejected the City's opposition to Travelers' motion for partial summary judgment on Traveler's claims against the City, and which quoted from the Honorable Henry E. Autrey's order in which he held that "Travelers' payment to National under the payment bond was an act which Travelers had a definite legal right to do without any qualification." See Order of 2/2/2006 [Doc. #130], p. 4, *quoting* Southwest Contracting, Inc., et al. v. National Waterworks, Inc., et al., 4:04CV374-HEA, Order of 9/6/2005 [Doc. #32], pp.9-10.

In the joint status report, plaintiff Travelers reports its view that the City's counterclaims and cross-claim are "moot" in light of the partial summary judgment order and should be dismissed. Although advising that it was "prepared" to file a motion to dismiss the City's claims on that basis, Travelers has not yet done so. The joint status report indicates the City's view that the disposition of its counterclaims and cross-claim "should await the outcome of the Indemnitors' appeal (assuming a final interlocutory judgment under...Rule 54(b) is entered)." This

5

offers neither an explanation as to why such a disposition should wait in the event of such an appeal, nor an explanation as to why the Court should enable a Rule 54(b) appeal.

**Conclusion**

Based on the parties' joint status report, the Court here identifies the remaining issues in this action and sets out the means of disposition for each. As to Counts I and II of plaintiff's second amended complaint, plaintiff's claim for an award of attorney's fees and nontaxable expenses will be addressed on a motion filed pursuant to Fed.R.Civ.P. 54(d)(2) and E.D.Mo. L.R. 8.02 after the entry of final judgment in the case. As to Counts IV and V of plaintiff's second amended complaint, the remaining subrogation claim concerning the City's $36,126.99 payment to Southwest -- if not settled by Travelers and the City -- is set for trial on May 22, 2006. As to the City's counterclaims and cross-claim, because it appears those claims may be subject to judgment as a matter of law based on previous rulings by this Court and by Judge Autrey, plaintiff Travelers will be directed to file an appropriate dispositive motion directed to the City's claims, whether a motion for judgment on the pleadings or motion for summary judgment. In opposition to the motion, the City will have the opportunity to offer any and all arguments against the disposition of its claims as a matter of law.

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** that, no later than **March 31, 2006**, plaintiff shall file a motion for judgment on the pleadings or motion for summary judgment directed to defendant City of Leadington's counterclaims and cross-claim. Any memorandum in opposition to the motion shall be filed **within ten (10) days** of service of the motion on the opposing party. Any reply memorandum shall be filed **within five (5) days** of service of the memorandum in opposition on the moving party.

Dated this   13th   day of  March   , 2006.

                                       /s/Donald J. Stohr  
                                         UNITED STATES DISTRICT JUDGE