**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,** | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:05CV99-DJS |
| **SOUTHWEST CONTRACTING, INC., RENEGADE CONSTRUCTION, INC., PHILLIP D. BONE, and CITY OF LEADINGTON, MISSOURI,** | ) ) ) ) ) | |
| Defendants. | ) | |

<u>**ORDER**</u>

This matter is before the Court on the motion to intervene filed by attorneys Roberts & Roberts, L.L.C. The action is closed, the amended judgment having been entered September 15, 2006, in favor of plaintiff Travelers and against defendants Southwest, Renegade and Bone, jointly and severally, in the amount of $194,200.18. Movant Roberts & Roberts is the law firm which represented Southwest in the instant case, but also in an unrelated state court litigation and arbitration by Southwest against Hogan Construction. In the Hogan matter, Southwest reportedly obtained an arbitration award of $55,990, against which movant asserts an attorney's lien. In this case, plaintiff Travelers is seeking to execute its judgment against that arbitration award, and has served a writ of execution, garnishment summons and interrogatories on

Hogan, as a debtor to Southwest. The proposed complaint of intervention seeks a declaration:

> that [intervenor] has an interest in the property subject to the garnishment of Travelers by reason of its attorney's lien, a determination of the Court as to the amount of its attorney's lien for attorney fees and expenses, and a determination that said attorney's lien has priority over the execution and judgment of Travelers.

Proposed Complaint of Intervention [Doc. #178], p.2.

The motion to intervene fails to comply with at least one significant requirement of this Court's local rules. The motion lacks a memorandum in support, as required by E.D.Mo. L.R. 4.01(A). As a result, movant fails to offer any argument or cite any legal authority in support of the relief sought. Movant therefore fails to persuade the Court that intervention in this action is an appropriate means for the assertion of the attorney's lien said to attach to an unrelated arbitration award against a non-party to this case.

The motion cites Rule 24(a)(2), asserting intervention as of right. The first applicable requirement of Rule 24(a)(2) for intervention as of right is that the applicant "claims an interest relating to the property or transaction which is the subject of the action." The subjects of this action were the parties' rights and obligations under a General Agreement of Indemnity to which plaintiff Travelers and the defendant indemnitor contractors were parties, and the related payment and performance bonds issued by Travelers in connection with the defendant City of Leadington,

Missouri's water and sewer lines project. The attorney's lien of Roberts & Roberts in Southwest's arbitration award against Hogan Construction is not an interest relating to the transactions which are the subject of this action. Movant has failed to establish a basis for the Court to undertake the determinations sought in the complaint of intervention, which include matters wholly unrelated to this closed litigation, such as the proper amount of movant's attorney's lien for fees and expenses in an arbitration award in an unrelated proceeding.

In addition, the Court notes that the proffered complaint of intervention fails to comply with several requirements of the Federal Rules of Civil Procedure. The complaint does not particularly name the defendant or defendants against which it is asserted, and fails to contain the requisite "short and plain statement of the grounds upon which the court's jurisdiction depends," as required by Fed.R.Civ.P. 8(a)'s general rules of pleading. Perhaps related to the complaint's failure to identify its defendants is movant's failure to include a certificate of service on its motion to intervene, demonstrating that all relevant and potentially interested parties have been served.

For all the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion to intervene of Roberts & Roberts, L.L.C. [Doc. #177] is denied.

Dated this __18th__ day of May, 2007.

                                              /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE